IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFTON JACKSON, #N66027**, | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. 3:22-cv-00147-SMY |
| **WEXFORD HEALTH CARE SERVICE, ROB JEFFREYS, and DEANNA BROOKHART,** | ) ) ) ) ) |
| **Defendants.** | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Clifton Jackson, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was issued a low bunk permit in June 2014 with an expiration date of "indefinitely" due to reconstructive surgery on his right foot. He did not have an issue with his permit until he was moved into a cell on February 10, 2021 with a cellmate who also had a low bunk permit. He told Sgt. Seed there must have been a mistake. After contacting the healthcare unit, Sgt. Seed informed Plaintiff that a nurse stated he no longer qualified for the permit and it was cancelled. Sgt. Seed threatened to take him to segregation if he did not go in his cell, so he complied. Later that evening, Plaintiff

submitted several requests to the healthcare unit and Warden Brookhart asking to see a doctor to rectify the situation. He was seen several days later by a nurse and was placed on the doctor call line. Plaintiff continued to submit requests slips, but was ignored by the healthcare unit.

Plaintiff subsequently fell getting off the top bunk on April 24, 2021 and had to be taken to a hospital emergency room for treatment. He fell because there was no ladder and he had to step down onto a stool, which flipped when he stepped on it. After Plaintiff returned to Lawrence, he saw a doctor and was placed in the infirmary for four days. He was given a new order for a low bunk permit six days after he fell.

The healthcare unit, placement, and Sgt. Seed knew Plaintiff needed a low bunk permit and disregarded his safety. Brookhart and Jeffreys are "responsible for the illegal make of the bunks which have no ladder." (Doc. 1, p. 6).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's serious medical needs from February to April 2021 with regard to his need for a low bunk permit.
>
> Count 2: Eighth Amendment claim against Defendants for unconstitutional conditions of confinement because there was no ladder for safe transition to and from the top bunk in Plaintiff's cell from February to April 2021.

## Preliminary dismissals

In the "statement of claim," Plaintiff makes allegations against individuals who are not named as defendants. Federal Rule of Civil Procedure 10(a) requires the names of all parties to

---

[1] Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

2

be included in the case caption. Therefore, claims against individuals not identified as defendants in the case caption are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

## Discussion

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). And because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

## Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Plaintiff alleges that his communications to Warden Brookhart resulted in referrals to the healthcare unit and that medical officials ignored his requests. He does not allege that Brookhart ignored or disregarded his complaints. Moreover, as non-medical staff, Brookhart was entitled to

defer to the judgment of the health care professionals. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

There are no allegations that IDOC Director Jeffreys was made aware of Plaintiff's complaint and ignored it. Further, IDOC Director Baldwin and Warden Brookhart cannot be held responsible for the acts and/or omissions of IDOC employees because there is no respondent superior or "supervisor liability" under 42 U.S.C. § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001).

Wexford also cannot be held liable based on *respondeat superior*. It may be liable only if it had a policy or practice that caused the alleged violation of a constitutional right. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff's allegations do not suggest that Wexford maintains a policy or practice that caused a violation of his constitutional rights.

For these reasons, Plaintiff fails to state a claim for deliberate indifference to serious medical needs against Warden Brookhart, IDOC Director Jeffreys, and Wexford. Therefore, Count 1 will be dismissed.

**Count 2**

To state an Eighth Amendment claim for unconstitutional conditions of confinement, a plaintiff must allege that he was incarcerated under conditions posing a "substantial risk of serious harm," and that prison officials had subjective knowledge of the risk, yet consciously disregarded it. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). The risk posed by bunk beds that have no ladder or steps is not substantial and cannot support an unconstitutional conditions of confinement claim. *See Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 691-92 (7th Cir. 2013) (collecting cases) ("absence of ladders is a common feature of prison bunk beds"). Courts

have routinely dismissed such claims, after finding that this condition does not pose a serious risk of harm. See, e.g., *Richard v. Illinois Dep't of Corr.*, No. 16-CV-00069-NJR, 2016 WL 2941210, at *5 (S.D. Ill. May 20, 2016) (collecting cases).   Therefore, Count 2 will be dismissed.

## Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief.  Plaintiff is **GRANTED** leave to file a First Amended Complaint by **JULY 1, 2022**.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 22-147)**.  The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.  Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how …."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.  While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party and describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y).  To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 1, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**