IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFTON JACKSON, #N66027, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-00147-SMY |
| | ) |
| DEANNA BROOKHART and | ) |
| NURSE PRACTITIONER LUKING, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on a motion to set aside default filed by Defendant Deanna Brookhart (Doc. 37). A waiver of service of summons was sent to Brookhart on June 5, 2023 (Doc. 28) and returned executed on June 21, 2023 (Doc. 30). Her responsive pleading was due on August 4, 2023 (*Id.*). However, Brookhart failed to move, answer, or otherwise plead in response to the Amended Complaint by that deadline. The Court directed the Clerk to enter default on August 15, 2023 (Doc. 33), and the Clerk entered default the same day (Doc. 34). Brookhart's counsel filed an appearance (Doc. 35) and motion to set aside default six days later (Doc. 37).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). According to the motion to set aside default, Brookhart signed the waiver of service and forwarded a copy of the waiver and her request for representation to IDOC "in a timely manner." (Doc. 37). IDOC then forwarded the signed waiver to the Office of the Illinois Attorney General on June 21, 2023. *Id*. However, the Assistant Attorney General overlooked the email and failed to assign the case until notice of entry of default was entered on

August 21, 2023. *Id*. Once the default was apparent, Brookhart's counsel immediately entered an appearance and filed the motion to set aside default. *Id*.

Brookhart also asserts that she has a meritorious defense to Plaintiff's claims: "…Plaintiff alleges Defendant Brookhart was employed by Lawrence Correctional Center. He alleges Defendant Brookhart was deliberately indifferent to his medical condition and ignored complaints. Defendant Brookhart was not deliberately indifferent to Plaintiff's medical needs. Defendant Brookhart acted appropriately as she is not a physician nor is she in charge of placement." *Id.*

Given the circumstances surrounding Defendants' failure to file timely responsive pleadings, Counsel's prompt actions, and the assertion of a meritorious defense, the motion to set aside default (Doc. 37) is **GRANTED**. The Clerk's entry of default (Doc. 34) is **VACATED**. Defendant Deanna Brookhart shall file responsive pleadings within 14 days of the date of this Order.

That said, further discussion is warranted. The Court notes a concerning pattern with respect to present and former IDOC employees *routinely* failing to timely respond to *pro se* complaints. This results in the entry of default and subsequent motions to set aside those entries all too frequently. Typically, these defendants and their counsel assert that their failure to timely respond was inadvertent for various reasons, including defendants are retired and not aware of the process for requesting representation or, as here, some failure of communication or process within IDOC or the Attorney General's Office. They then urge the Court to find that these failures amount to excusable neglect and assert that the plaintiffs will not be prejudiced if the default is set aside.

Sometimes, actions that defendants deem to be inadvertent are, in reality, irresponsible/neglectful and not excusable. And, because *pro se* plaintiffs are entitled to prosecute litigation without unwarranted delay, they do in fact suffer prejudice as a result. Therefore, the

2

Court cautions IDOC and counsel that future requests to set aside default on these or similar bases may be denied and encourages them to review current procedures for requesting and obtaining representation accordingly.

**IT IS SO ORDERED.**

**DATED: AUGUST 30, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**